UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CITIZENS BANK, N.A.,<br>   Plaintiff,<br><br>v.<br><br>TRILEGIANT CORPORATION, et al,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 16-438-M-LDA |

## ORDER

Citizens Bank, N.A. paid a civil money penalty and reimbursed many of its customers in full as a result of a Consent Order it entered with the United States Office of the Comptroller of the Currency ("OCC"). The OCC, after an investigation, determined that these affected Citizens customers paid for identity theft protection and credit monitoring products, but did not receive some of the advertised benefits. This was deemed to be unfair and a violation of Section 5 of the Federal Trade Commission Act ("FTC Act"). Defendants in this case, Trilegiant Corporation, Affinion Group Holdings, Inc., Affinion Group, Inc., and Affinion Group, LLC, designed, marketed, and sold these products to Citizens' customers and Citizens sues them here for indemnification, alleging that Defendants' unscrupulous business practices caused its customers to pay for services that they did not receive.

Citizens alleges several claims against Defendants sounding in contract, tort, and equity. Defendants move to dismiss the complaint in its entirety, arguing that

Citizens is not entitled to indemnification because its acts did not violate Section 5 of the FTC Act so it was not actually liable and should not have agreed to the Consent Order and even if it was liable, the 100% reimbursement settlement was "patently unreasonable." ECF No. 10-1 at 8. Citizens opposes Defendants' motion, arguing that it has alleged plausible facts to support the elements of its claims. It is obvious to the Court that this case is fact-intensive and that there are differences of opinion as to the relevance and significance of those facts.

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the same time, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to them. *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009). "A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)).

The briefing was extensive in this matter, tantamount to the briefing on a post-discovery motion for summary judgment. Most of Defendants' arguments are fact based, inappropriate for consideration on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Indeed, Defendants advocate many times that the Court make its decision as a matter of law as if the facts are settled and no longer in dispute. Turning to the standard of review on a 12(b)(6) motion, though, the Court accepts Citizens'

allegations as true and construes them in the light most favorable to it. When it views the Complaint through that prism, the Court finds that the Complaint states valid legal claims supported by plausible facts for both contractual and common-law indemnification, negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference, and unjust enrichment. The facts alleged in the Complaint – not the facts that Defendants argue in its motion – as to the relationship between the Defendants, Citizens' liability before the OCC, and the reasonableness of the settlement are sufficient to clear the motion to dismiss hurdle.

Defendants' Motion to Dismiss (ECF No. 10) is DENIED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

Date: February 6, 2017